IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA EBERT,<br><br>    *Plaintiff,*<br><br> v.<br><br>C.R. BARD, INC., et al.,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 12-01253 |

**PAPPERT, J.**                                 January 28, 2020

## MEMORANDUM

  Defendants C.R. Bard, Inc. and Bard Peripheral Vascular Inc. (collectively "Bard") filed a Motion to Seal three expert reports. (ECF No. 140). The reports are attached to Plaintiff Melissa Ebert's Response in Opposition to Defendants' Motion for Summary Judgment. (ECF No. 133.) Bard asserts that the reports contain confidential business information, and Ebert does not oppose the Motion. The Court grants the Motion in part for the reasons that follow.

I

  Ebert alleges she received a defective Bard G2 inferior vena cava filter, which is a medical device used to prevent pulmonary embolisms. (Pl.'s Resp. Opp'n Mot. Summ. J. 1–2, ECF No. 133.) According to Ebert, her Bard G2 filter caused life-threatening complications after the device failed and a fractured strut migrated into her pulmonary artery. (*Id.*)

  Ebert attached to her response to Bard's summary judgment motion three expert reports written by Dr. Robert Ritchie (Ex. R, ECF No. 133-18), Dr. Robert McKeeking

1

(ECF No. 133-19, Ex. S), and William Hyman (ECF No. 133-20, Ex. T). The reports quote and refer to various Bard documents, all of which have been produced in discovery subject to the parties' Amended Agreed Protective Order. (ECF No. 47.) Bard now seeks to seal the reports, arguing that they contain proprietary and confidential information that, if made public, would cause Defendants "real and tangible harm" due to the documents' economic value to competitors in the medical device industry. (Defs.' Mot. to Seal ("Defs.' Mot") 2, ECF No. 140.)

II

The Third Circuit Court of Appeals on numerous occasions has affirmed the public's right to "inspect and copy public records and documents, including judicial records and documents."[1] *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Whether the common law right of access applies depends on whether the document is a judicial record—*i.e.*, whether it "has been filed with the court . . . or otherwise somehow incorporated into a district court's adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Summary judgment proceedings are no exception and documents filed in connection with motions for summary judgment, such as the expert reports at issue here, are judicial records. *In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662, 672 (3d Cir. 2019).

---

[1] Although Bard filed the Motion to Seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), the Third Circuit has explained that courts should instead apply the common law's presumptive right of public access when parties seek to seal judicial records. *See In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("Analytically distinct from the District Court's ability to protect discovery materials under Rule 26(c), the common law presumes that the public has a right of access to judicial materials.").

2

A party wishing to rebut this strong presumption of public access has the burden "to show that the interest in secrecy outweighs the presumption." *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). In doing so, the movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d. Cir. 1994)). Documents containing trade secrets or other confidential business information may be protected from disclosure. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) ("The potential effects of the disclosure of business information that might harm the litigant's competitive standing may in some cases meet the burden of [keeping] the judicial record under seal.") (internal quotation marks omitted).

The Court must articulate compelling and countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure and provide an opportunity for third parties to be heard. *In re Avandia*, 924 F.3d at 672–73 (citing *In re Cendant Corp.*, 260 F.3d at 194). Careful factfinding is required to overcome the strong presumption, and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. The Court must conduct a "document-by-document review" of the contents of the materials sought to be sealed. *In re Avandia*, 924 F.3d at 673.

III

Bard argues that the Ritchie, McMeeking and Hyman Reports contain propriety and confidential business information, such that their release would cause severe prejudice and injury. *See* (Defs.' Mot. 2.) The Court agrees, finding that Bard has overcome the strong presumption of public access.

The three expert reports contain confidential business information, which is "the kind of information that courts will protect." *In re Avandia*, 924 F.3d at 672; *see Westinghouse*, 949 F.2d at 663. The Ritchie Report begins by summarizing the history and development of the IVC filter, discussing the author's research and offering conclusions for why the filter failed. (Ex. R, at 4–12; 15–34.) None of that preliminary information references Bard's confidential business information. However, later portions of the Ritchie Report, including sections titled "Bard's Analysis of Filter Failures Prior to 2006" and "Pre-Market Mechanical Testing by Bard," cite and discuss Bard's internal documents concerning filter studies that reveal confidential and sensitive business information. *See* (*id.* at 12–15.)

The second report authored by McMeeking similarly analyzes the IVC filters and offers a conclusion in favor of Ebert's claim. *See generally* (Ex. S). The McMeeking Report by and large discusses the author's linear elastic analyses of the IVC filter arms, which involves pages of mathematical analysis without reference to any Bard documents. *See* (*id.* at 26–49). Some of the report, however, quotes and refers to Bard's research methods and filter testing, which the Court recognizes to be confidential business information. *See* (*id.* at 17–26).

Finally, the Hyman Report focuses on the FDA's regulatory approval processes for the design, manufacturing and post-market phases of medical devices. *See generally* (Ex. T). Although much of the report involves detailed discussion about FDA compliance procedures, (*see id.* at 8–12), Hyman does cite and refer to Bard's internal documents related to filter testing and adverse effects (*id.* at 13–14), as well as internal corporate policies involving risk matrix analyses (*id.* at 16–18).

Bard has also shown that serious injury will result if the information is disclosed, such that the interest in secrecy outweighs the strong presumption of public access. *See In re Avandia*, 924 F.3d at 672. Bard argues that making the expert reports public would be "particularly harmful" because it "would give an unfair economic advantage to . . . competitors." (Defs.' Mot. 4). Bard also explains that in the course of developing medical devices, it has expended "substantial sums of money" and years' worth of testing, development and research. (*Id.* at 5.) The information contained in the expert reports would be valuable to competitors, and the risk of economic harm to Bard is acute given the highly competitive nature of the medical device industry. *See* (*id.* at 5–6). Indeed, the Third Circuit has expressly recognized that "courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing." *Westinghouse*, 949 F.2d at 662 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

Although Bard asks for the entirety of the expert reports to be sealed, a less restrictive alternative is available. The Court will instead only permit to be redacted those pages of the expert reports that Bard expressly identified as containing confidential business information in its Motion. (Defs.' Mot. 2.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.